TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 85-1005 |
| of | : | APRIL 22, 1986 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| RODNEY O. LILYQUIST<br>Deputy Attorney General | : | |

_____


THE HONORABLE JAMES P. LANG, DISTRICT ATTORNEY, COUNTY OF TEHAMA, has requested an opinion on the following question:

Does Government code section 24050 impose personal liability upon a county officer for the reasonable value of the services falling within his statutory duties which remain uncompleted at the expiration of his term of office?

CONCLUSION

Government Code section 24050 imposes personal liability upon a county officer for the reasonable value of the services falling within his statutory duties which remain uncompleted at the expiration of his term of office only to the extent fees were paid to and retained by the officer to perform the particular services.

1

ANALYSIS

The county board of supervisors is responsible for fixing the number of county employees and the salary received by each. (Cal. Const., art. XI, §§ 1, 4.) It accomplishes this duty through an elaborate budgetary process. (See *County of Butte* v. *Superior Court* (1985) 177 Cal.App.3d 693, 698; *Hicks* v. *Board of Supervisors* (1977) 69 Cal.App.3d 228, 235.) County employees are paid by the county and generally continue to be employed without regard to the expiration of the terms of office of county officers.

A county clerk, we are informed, is concerned that certain of his statutory duties will not be performed within the time limits provided by law if a proposed reduction of county personnel is ordered by the board of supervisors. For example, the 10-day limit of Government Code section 25150[1] might not be met for the publishing of board minutes if the clerk's staff is reduced. Conceivably these duties may remain uncompleted when the clerk retires at the expiration of his term of office.

The question to be resolved is whether, under the described circumstances, the provisions of section 24050 would be applicable. We conclude that they would not.

Section 24050 states:

"Each county officer shall complete the business of his office to the time of the expiration of his term. If at the close of his term any officer leaves to his successor any official labor to be performed which it was his duty to perform, he shall be liable to his successor for the full value of such services."

The language of section 24050 was first enacted by the Legislature in 1883. (See Stats. 1883, ch. 75, § 175.) During the past 100 years, this language has not received any reported analysis or review.

In analyzing section 24050, we may be guided by several well established rules of statutory construction. The fundamental principle to be followed is to "'ascertain the intent of the Legislature so as to effectuate the purpose of the law.'" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230.) "[T]he legislative history of a statute and the wider historical circumstances of its enactment are legitimate and valuable aids in divining the statutory purpose." (*California Mfrs. Assn.* v. *Pacific Utilities Com.*, (1979) 24 Cal.3d 836, 844.) "Words must be construed in context, and

---

[1] All references hereafter to the Government Code are by section number only.

statutes must be harmonized, both internally and with each other, to the extent possible." (*Ibid*.) Finally, "enactments must receive a liberal, practical common-sense construction which will meet changed conditions and the growing needs of the people." (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245.)

Tracing the language of section 24050 back to 1883 (See Stats. 1947, ch. 424, § 1; Stats. 1907, ch. 282, § 1; Stats. 1897, ch. 277, § 226; Stats. 1893, ch. 234, § 227; Stats. 1891, ch. 216, § 227; Stats. 1885, ch. 154, § 2; Stats. 1883, ch. 75, § 3175), we find that the 1883 legislation was part of a statutory scheme establishing a uniform system of county government. The Legislature therein prescribed the duties of various county officers and generally provided that their services were to be performed only "upon the prepayment of the fees prescribed for such services . . . and on such payment the officer must perform the services required." (Stats. 1883, ch. 75, § 171.) Compensation for the officers was specified in the statutory scheme as a fixed salary or as the retention of the fees received. (See, e.g., Stats. 1883, ch. 75, § 163.) For the salaried officers who collected fees, the act mandated payment of the fees "into the county Treasury on the first Monday in each month." (Stats. 1883, ch. 75, § 165.) The fees went into a separate fund "[f]or the purpose of paying the salaries provided for in this Act." (Stats. 1883, ch. 75, § 168.) It was the responsibility of the officer to "appoint as many deputies as may be necessary for the prompt and faithful discharge of the duties of his office." (Stats. 1883, ch. 75, § 61.) Significantly the 1883 legislation provided:

> "The salaries and fees provided for in this Act shall be in full compensation for all services of every kind and description rendered by the officers therein named, their deputies, and assistants; and all deputies employed shall be paid by their principals, out of the salaries hereinbefore provided . . . ." (Stats. 1883, ch. 75, § 164.)

Under such statutory provisions, it would be reasonable and appropriate for a county officer to pay "the full value" of any unfinished work to his successor. The services would normally be of a discrete nature for which the officer had been fully paid by receipt of a particular fee. If not performed by the officer, the act effectively required that the successor hire assistants to complete the work. Payment was made by the officer to the successor so that the successor would then be able to hire the additional assistants. Were it not for the terms of what is now section 24050, the salaries of the newly hired assistants would be at the expense of the successor. The statute was thus enacted to require the officer who caused the additional hiring to bear such cost.

As previously noted, the procedure for employing county personnel has changed since 1883. Moreover, the duties of county officers are no longer the same.

3

Local government has expanded, and many statutory duties have been added that are of a continuing nature for which no fees may be collected.

The purpose of section 24050 would not be served by imposing liability upon a county officer who diligently performs his general statutory duties through the end of his term. It would be absurd to suggest that the Legislature intended for the officer's successor to obtain a financial windfall under the described circumstances. The rationale for section 24050 is manifestly inapplicable where the duties that remain to be performed are ones for which the officer has not been specifically compensated.

We believe that section 24050 is limited in its application to situations in which the retiring county officer has personally been paid a fee to perform a specific public service which is not completed by the end of his term. In such case so much of the fee received as is not deposited in the county treasury pursuant to section 24350 is required to be paid to the incoming county officer pursuant to section 24050. The section has no application to situations where the public service is of an ongoing nature and performed by deputies or assistants employed by the county who will continue their employment under the incoming county officer.

The present situation may be distinguished from that where the officer wilfully neglects to perform his duties. Various remedies are available to curb the latter abuse and compensate those damaged. (See §§ 1450-1653, 1770, 24150-24156; Pen. Code, § 661; 65 Ops.Cal.Atty.Gen. 200 (1982); 61 Ops.Cal.Atty.Gen. 391 (1978).)

In answer to the question presented, therefore, we conclude that section 24050 imposes personal liability upon a county officer for the reasonable value of the services falling within his statutory duties which remain uncompleted at the expiration of his term of office only to the extent fees were paid to and retained by the officer to perform the particular services.

*****

4